# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN MICHIGAN

JAMES TASSE,

    Plaintiff,

Case No.

v.

Hon.

RIDDELL, INC.

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, James Tasse (hereinafter "Tasse"), by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1. Plaintiff, is a resident of the West Bloomfield, County of Oakland and State of Michigan.

2. Defendant, Riddell, Inc. (hereinafter "Riddell") is a foreign for-profit corporation whose resident agent is the Prentice-Hall Corporation System, Inc.,

and whose registered office address is 601 Abbot Road, East Lansing, MI, 48823, and who is duly authorized to do business in the County of Oakland, and State of Michigan.

3. The events producing the original injury occurred in the County of Oakland, State of Michigan and Jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA").

5. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff, is a 73-year-old male who began his employment with Riddell in 1983 as a sales representative of football equipment.

8. Plaintiff was assigned to the Riddell sales office located in Chicago, Illinois and worked traveling his district where his responsibilities included selling and refurbishing football equipment within his district in Michigan.

9. On March 29, 2018, Plaintiff tripped and fell at his home, which caused a significant spiral fraction is his arm.

10. On or about April 3, 2018, Plaintiff was admitted to the hospital and underwent surgery on April 5, 2018.

11. Plaintiff's arm injury left him disabled, as he could not use his arm while he was in recovery and unable to work.

12. Plaintiff contacted Defendant and requested that he be placed on disability or provided medical leave under the Family Medical Leave Act ("FMLA").

13. Defendant refused to place Plaintiff on FMLA leave or even provide the necessary paperwork claiming Plaintiff did not qualify for FMLA leave or any other type of medical leave.

14. Plaintiff also advised Defendant that he required reasonable accommodations in the form of assistance in picking up and delivering equipment.

15. Defendant refused to provide a reasonable accommodation for Plaintiff's disability.

16. Shortly after Plaintiff's surgery, he began receiving calls from his direct manager at Riddell encouraging him to resign due to his age and disability.

17. On or about August 7, 2018, Plaintiff was terminated by mail while he was recovering from emergency surgery.

18. Plaintiff was replaced by a 42-year-old individual.

19. After he was terminated, Plaintiff learned of several other employees over the age of 60 that Defendant targeted and encouraged to retire.

20. On February 21, 2020 the EEOC issued a Right to Sue letter.

21. During the time period in question, Defendant JAC was Plaintiff's employer and Plaintiff was its employee within the meaning of the FMLA, ADA and ADEA.

22. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## VIOLATION OF AMERICAN WITH DISABILITIES ACT OF 1990

23. Plaintiff incorporates by reference Paragraphs 1 through 22 above as though more fully set forth herein.

24. Plaintiff suffered from a severe fracture in his arm, which is a disability under The Americans with Disabilities Act of 1990 ("ADA") and substantially interferes with major life activities, including his ability to use his arm.

25. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability, as well as received reasonable accommodation assisting in performing his job.

26. Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

27. Defendant refused to provide Plaintiff a reasonable accommodation, and instead demanded that plaintiff continue to do his job as if he was not disabled.

28. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate him and terminating him.

29. Defendant is an employer within the meaning of the ADA.

30. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon his disability by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected and he was refused to be reasonably accommodated by Defendant.

31. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

32. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by terminating Plaintiff based exclusively upon his disability;

    b. Failing to refrain from imposing discipline based on Plaintiff's disability;

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful; and

    d. Preventing Plaintiff from having full and fair opportunities to advance in his position based upon his disability.

33. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

34. As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Wage loss;

    c. Mental anguish;

    d. Fright;

    e. Shock;

    f. Embarrassment;

      g. Outrage;

      h. Anxiety;

      i. Emotional distress;

      j. Loss of self-esteem; and

      k. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

35. Plaintiff incorporates by reference Paragraphs 1 through 34 above as though more fully set forth herein.

36. Plaintiff suffered from a severe arm fracture, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

37. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

38. Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate him.

39. Defendant is an employer within the meaning of the PWDCRA and Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon his disability by Defendants, its employees and agents to the point where his status as an employee has been detrimentally affected and he was refused to be reasonably accommodated by Defendants.

40. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

41. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful; and

   d. Preventing Plaintiff from having full and fair opportunities to his employment based upon his disability.

42. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

43. As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that he had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Mental anguish;

    c. Fright;

    d. Shock;

    e. Embarrassment;

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF THE
## AGE DSICRIMINATION ACT OF 1967

44. Plaintiff incorporates by reference paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45. Pursuant to the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 Plaintiff is guaranteed the right to be free from discrimination and/or termination from his employer and/or supervisors based upon his age.

46. Plaintiff's age was a factor in Defendants' employment decisions, including adverse employment actions, demotion, decrease in pay, benefits and bonuses and termination.

47. Defendant was Plaintiff's employer within the meaning of the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

48. During the course of his employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action based upon his age by Defendant creating a hostile work environment by Defendant's employees.

49. The age discrimination, hostile work environment, and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

50. Defendant, had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

51. Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff based upon his age.

52. The age discrimination, and Defendant's failure to take any remedial action violate the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

53. As a proximate result of the age discrimination and Defendant's failure to take remedial action, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

### COUNT IV
### VIOLATION OF THE FMLA

54. Plaintiff incorporates by reference paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55. Defendant was Plaintiff's "employer" within the meaning of the FMLA.

56. In March, 2018, Plaintiff sustained a significant spiral fraction is his arm and underwent surgery on April 5, 2018.

57. Plaintiff's arm injury left him disabled and in need of medical leave under the FMLA or other short-disability available to him.

58. Plaintiff qualified for FMLA having suffered a serious medical condition, having worked at least 1,250 hours during the 12 months prior to the start of FMLA leave and Riddell having 50 or more employees within a 75-mile radius of the Chicago, Illinois office out of which Plaintiff worked.

59. Plaintiff requested medical leaves which were protected under FMLA and which should have been approved by the Employer.

60. Plaintiff's requests for FMLA/medical leave were ignored/denied by Defendant and Plaintiff never received FMLA leave.

61. The FMLA prohibits any retribution to any employee who requests his or her FMLA leave.

62. Defendant violated the FMLA by failing to consider, approve and provide FMLA leave.

63. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages,

together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT V
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

64. Plaintiff incorporates by reference paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65. Defendant was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

66. Employers cannot use the request taking of FMLA leave as a negative factor in employment decisions/actions, such as hiring, promotions or disciplinary actions.

67. Plaintiff engaged in activity protected by the FMLA when he requested FMLA leave.

68. The FMLA leaves were ignored/denied by Defendant.

69. Defendant retaliated against Plaintiff and took adverse action by terminating Plaintiff for requesting FMLA leave.

70. As a result of Plaintiff asserting his right to a FMLA leave, he was subjected to an adverse employment action and terminated.

71. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

    a. Loss of income;

    b. Loss of fringe benefits;

    c. Emotional pain and suffering;

    d. Severe mental anguish and distress;

    e. Embarrassment and humiliation;

    f. Loss of earnings and other employment benefits; and

    g. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: May 15, 2020

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, James Tasse, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                               Respectfully submitted,

                               **BATEY LAW FIRM, P.L.L.C.**

                        BY: /s/Scott P. Batey
                              SCOTT P. BATEY (P54711)
                              Attorney for Plaintiff
                              30200 Telegraph Road, Suite 400
                              Bingham Farms, MI  48025
                              (248) 540-6800
                              sbatey@bateylaw.com

Dated:  May 15, 2020